IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

HOLSUM DE PUERTO RICO, INC.,

Plaintiff,

v.

COMPASS INDUSTRIAL GROUP, LLC., et al.,

Defendants.

CIVIL NO. 18-2004 (GAG)

**OPINION AND ORDER**

On January 30, 2017, Holsum de Puerto Rico, Inc. ("Holsum" or Plaintiff") entered into an agreement with co-defendant Peerless Food Equipment ("Peerless") for the design of a sandwiching machine to produce "Cameo" Brand cookies for one of Holsum's customers. (Docket No. 36 at 3). On March 16, 2017, Holsum, on recommendation of Peerless, entered into two contracts with Compass Industrial Group, LLC. ("Compass"); one for the design and manufacture of a tray loader machine, necessary for Cameo cookies production, and another for the equipment's installation. Id. at 4.

On December 26, 2019, Holsum filed the present suit against Compass alleging breach of contract for the tray loader machine's defective design and manufacture. (Docket No. 1 at 6). Compass answered the Complaint and filed a Counterclaim asserting that Holsum had breached the contract between the parties by failing to pay for the tray loader machine's design, manufacture and installation. (Docket No. 18 at 15). On May 13, 2019, Holsum amended its complaint, including allegations of breach of contract against co-defendant Peerless averring that the sandwich machine was defective and ill-equipped to function in relation to the contract's terms. (Docket No. 36 at 9).

**Civil No. 18-2004 (GAG)**

Pending before the Court is Compass's Motion for Summary Judgment on Counterclaim for Debt Owed. (Docket No. 62). Compass argues that Holsum breached the contracts established between the parties because it failed to pay Compass for the services rendered at Holsum's facility. Id. at 1-2. Holsum opposed stating that it fully satisfied the contract for the tray loader's design and manufacture. (Docket No. 68). Nonetheless, regarding the contract for tray loader's installation, Holsum argues that it is sitting idly in its factory and was never installed. Id. at 5 As such, Holsum avers that Compass failed to meet its contractual obligation and consequently, it is relieved from payment. Id. at 15.

After reviewing the parties' submissions and pertinent law, the Court **DENIES** Defendants' Motion for Summary Judgment at Docket No. 62.

**I.   Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of *at least one fact issue which is both genuine and material*." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (emphasis added). The non-movant may

**Civil No. 18-2004 (GAG)**

establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B).  If the Court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences.  Id. at 255.   Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence.  Id.   Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation."  Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.   Relevant Factual and Procedural Background**

Holsum contracted with Compass for the design and manufacture of a machine that would serve as one component in a cookie-sandwich assembly line, known as "Tray Loader." (Docket Nos. 64 ¶ 11; 69 ¶ 11).  On March 14, 2017, Compass sent Holsum a quote, detailing its terms, which were accepted by Holsum's engineer Miguel Pereira on March 16, 2017. (Docket Nos. 64 ¶ 12-13; 69 ¶ 12-13).

Holsum and Compass's contract for the tray loader's design and manufacture contained a pay schedule which stipulated that: 30% of the total payment was due upon receipt of the executed purchase order; 30% of the total payment was due sixty days from the date of the executed purchase order; 30% of the total payment was due prior to delivery, and 10% of the total payment was due

**Civil No. 18-2004 (GAG)**

within thirty days of the equipment's delivery to Holsum de Puerto Rico Inc.'s ("Holsum") facility. (Docket Nos. 64 ¶ 1; 69 ¶ 1).  Compass' installation of the equipment would be billed separately. (Docket Nos. 101 ¶ 2; 116 ¶ 2).

Holsum made the following payments to Compass: $112,455.00 on April 18, 2017; $112,455.00 on June 9, 2017; $68,617.00 on July 13, 2017, and $112,455.00 on August 8, 2017. (Docket Nos. 101 ¶ 4; 116 ¶ 4). Compass sent personnel to install the tray loader from August 15 to September 5, 2017, during which time it billed a total of $75,437.97 for installation. (Docket Nos. 101 ¶ 6; 116 ¶ 6). Compass sent back an engineer to Holsum's facility from September 16 to September 23, 2017, and from October 22 through November 8, 2017. (Docket Nos. 101 ¶ 7 and 8; 116 ¶ 7 and 8). Compass billed Holsum $10,647.87 and $27,646.56 respectively for the service visits. Id.

In total, Holsum paid Compass $435,673.00 of the $588,690.40 billed by Holsum, with the remaining amount disputed between the parties. (Docket Nos. 101 ¶ 9 and 10; 116 ¶ 9 and 10).

**III.  Discussion**

Holsum and Compass agree on almost every single fact related to the pending motion for summary judgment. Nonetheless, the parties disagree as to *why* Holsum has not satisfied the $153,017.40 remaining balance. See Docket Nos. 62 and 68. Compass argues that Holsum has failed to pay for the services rendered at Holsum's facilities. (Docket No. 62). Plaintiff, on the other hand, avers that defendant Compass failed to install the tray loader at its facility and, as such, it is relieved from paying the contractually agreed upon sum for equipment's installation. (Docket No. 68).

Under Puerto Rico law, a claim for breach of contract has three elements: (1) a valid contract; (2) a breach by one of the parties to the contract; and (3) resulting damages. P.R. LAWS ANN. tit. 31, § 3018 ("Those who in fulfilling their obligations are guilty of fraud, negligence or delay, and

4

**Civil No. 18-2004 (GAG)**

those who in any manner whatsoever at in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby."); Mega Mega Holdings, Inc. v. Aerco Broad. Corp., 852 F. Supp. 2d 189, 199-200 (D.P.R. 2012) (citations omitted); Unisys P.R., Inc. v. Ramallo Bros Printing, Inc., 128 P.R. Dec. 842, P.R. Offic. Trans., 1991 WL 735351 (P.R. 1991). It is undisputed that Holsum and Compass entered into a valid contract under Puerto Rico law. (Docket Nos. 64 ¶ 11-13; 69 ¶ 11-13). See P.R. Laws Ann. tit. 31, § 3391 (three elements required for a valid contract: (1) consent of the contracting parties; (2) a definite object which may be the subject of contract; and (3) cause for the obligation which may be established); see also Kmart Corp. v. Dow Roofing Sys., LLC, No. 12-1679, 2013 WL 6229378, at *2 (discussing the elements of valid contract formation).

Compass avers that "according to that contract, [Holsum] was required to pay [Compass] for the fabrication and installation of the Tray Loader machine." (Docket No. 62 at 10). Furthermore, Compass argues that there is no genuine issue of material fact in disputes as to: "(1) that 'installation was billed separately' and (2) that Compass sent personnel to Holsum's facility to install and service the Tray Loader." Id. at 5.

"A genuine issue of fact exists only if a reasonable jury could resolve it in favor of either party." Basic Controlex Corp. v. Klockner Moeller Corp., 202 F.3d 450, 453 (1st Cir. 2000). The Court finds that there is genuine and material issue of fact as to whether the tray loader machine was installed at Holsum's facility, and if it is not, who is at fault for the breach of contract regarding the same. See Maldonado-Denis, 23 F.3d at 581. The Court notes that it is essential for the breach of contract claim to know if tray loader was installed or not. Nonetheless, Compass failed to submit an uncontested fact that it indeed installed the tray loader machine. (Docket No. 64). This does not surprise the Court considering that the discovery in this case is still ongoing. See Docket No. 88.

**Civil No. 18-2004 (GAG)**

Compass' motion for summary judgment is thus, denied for the simple reason that it does not put the Court in a position to determine, by way of summary judgment, whether Holsum breached the contract.

IV. **Conclusion**

In light of the foregoing, the Court **DENIES** Defendant Compass's Motion for Summary Judgment on Counterclaim for Debt Owed at Docket No. 62.

**SO ORDERED.**

In San Juan, Puerto Rico this 11th day of June, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge