UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| HOLSUM DE PUERTO RICO, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> COMPASS INDUSTRIAL GROUP ) <br> LLC, ILLINOIS TOOL WORKS, INC. ) <br> ITW FOOD EQUIPMENT GROUP ) <br> LLC d/b/a PEERLESS FOOD ) <br> EQUIPMENT; INSURANCE ) <br> COMPANY ABC; INSURANCE ) <br> COMPANY DEF; INSURANCE ) <br> COMPANY XYZ, ) <br> ) <br> Defendants. ) | 3:18-cv-02004-JAW |

**ORDER ON MOTION TO ALLOW THE USE OF A JURY QUESTIONNAIRE**

In its Report of Final Pretrial Conference and Order dated September 13, 2021, the Court addressed jury selection and ordered the parties to notify the Court by September 17, 2021, as to whether they consented to the Magistrate Judge presiding at jury selection. *Report of Final Pretrial Conf. and Order* at 3 (ECF No. 156). On September 17, 2021, ITW Food Equipment Group LLC, d/b/a Peerless Food Equipment Group (Peerless) filed its qualified consent to have a magistrate judge preside over jury selection. *Def. ITW Food Equip. Group, LLC D/B/A Peerless Food Equip.'s Qualified Consent to Have a Magistrate Judge Preside over the Jury Selection at Trial* (ECF No. 164). In its filing, Peerless wrote:

> Peerless is willing to consent to have a Magistrate Judge preside over the selection of the jury in this case but wishes to request Your Honor to provide specific guidance to such Magistrate Judge and the parties about disclosures to the parties and particular areas of inquiry during both the *venire* and *voir dire* stages of jury selection.

*Id.* at 2.  With the Court's allowance, on September 22, 2021, Peerless filed a motion for the Court to order the Magistrate Judge to use a jury questionnaire, which would allow the Clerk of Courts to "reserve the proper spaces and time slots to conduct jury selection with the efficiency and thoroughness proposed in the motion."  *Def. ITW Food Equip. Group, LLC D/B/A Peerless Food Equip.'s Mot. and Mem. of Law in Support of Mot. Req. Order to Allow the Use of a Jury Questionnaire* (ECF No. 173).  Peerless then set forth an argument in favor of a written questionnaire and attached proposed questions.  *Id.* at 1-7; Attach. 1, *Proposed Juror Questionnaire, Prelim. Instructions to Prospective Jurors* at 1-18.

The Court declines to issue such an order to the Magistrate Judge.  In 1979, Congress amended the Magistrates Act authorizing a magistrate judge upon the consent of the parties to "conduct any or all proceedings in a jury or nonjury civil matter."  28 U.S.C. § 636(c)(1); *see* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3071 (2014 ed.) (WRIGHT, MILLER & MARCUS).  The United States Supreme Court clarified that the consent of the parties is necessary before a magistrate judge may conduct jury selection in a criminal proceeding. *Peretz v. United States*, 501 U.S. 923, 935 (1991) ("[T]he structure and purpose of the Federal Magistrates Act convince us that supervision of *voir dire* in a felony proceeding is an additional duty that may be delegated to a

2

magistrate under 28 U.S.C. § 636(b)(3) if the litigants consent"). At the same time, the First Circuit has ruled that affirmative consent is not required for a magistrate judge to preside over jury selection in a criminal case. *United States v. Desir*, 273 F.3d 39, 44 (1st Cir. 2001); *United States v. Martinez-Torres*, 944 F.3d 51, 51-52 (1st Cir. 1991) (rejecting the need for specific written consent to enable a magistrate to conduct voir dire).

Even so, because of the constitutional concerns underlying the Magistrates Act, the "[c]onsent . . . emerges from the statute as the touchstone of the magistrate judge jurisdiction." *Anderson v. Woodcreek Venture, Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003); *see also Adams v. Heckler*, 794 F.2d 303, 307 (7th Cir. 1986). To comply with the statute, therefore, courts have required that the parties' consent be "free and voluntary." WRIGHT, MILLER & MARCUS § 3071.2.

Here, Peerless has conditioned its consent to a magistrate judge presiding over jury selection on this Court's order to the magistrate judge restricting how the magistrate judge performs the jury selection. This raises two issues. The first is whether Peerless' consent is free and voluntary if it is conditional or put differently, conditional consent is not consent if the condition is not met. Given Peerless' conditional consent, the Court cannot find that it meets the requirements of § 636(c)(1).

The second involves a matter of statutory interpretation and judicial policy. The statute does not contemplate what Peerless is proposing here. The statute provides that upon consent, a magistrate judge is authorized to "conduct any or all

proceedings in a jury or nonjury civil matter." 28 U.S.C. § 636(c)(1). Under this provision, if the parties freely and voluntarily consent, the magistrate judge is authorized to "conduct any and all proceedings;" the statute does not contemplate a conditional grant of magistrate judge authority subject to the district court's directives or oversight. Moreover, this Court finds troubling the notion that a party may condition its consent to the magistrate judge on the district court ruling in their favor on a legal issue. If Peerless can do what it wants to do here, litigants could seek to extract favorable rulings from district judges in exchange for lessening the district judges' workload by consenting to magistrate judge involvement. This implicit quid pro quo strikes the Court as unseemly.

In addition, the Court is uneasy with the proposition that before the litigants consent to magistrate judges as a condition of that consent, district judges should be in the business of telling magistrate judges how to do their jobs. In this case, for example, Peerless' proposes not only that this Court restrict the Magistrate Judge's discretion in conducting jury voir dire, it also sets up the Magistrate Judge to an accusation that in failing to comply with Peerless' proposal, the Magistrate Judge is violating this Court's order and thereby undermining the basis of Peerless' consent. All of this would be, in the Court's view, not only contrary to the statute but poor public policy.

The Court's reticence about Peerless' proposal has nothing to do with the merits of the proposal, which may be worthwhile. Instead, it has to do with Peerless' proposal that it will consent only conditionally to the Magistrate Judge's conducting

4

the jury selection proceeding. In the Court's view, Peerless' choice is clear: either it consents to the Magistrate Judge conducting jury selection or it does not. If Peerless is willing to unconditionally consent to the Magistrate Judge's authority to preside over jury selection, the Magistrate Judge will do so. If Peerless is not willing to unconditionally consent to the Magistrate Judge, this Court will preside over jury selection. The Court advises the parties that they are of course "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2). If Peerless wishes to consent unconditionally to the Magistrate Judge presiding over jury selection, it must do so within the next fourteen days of the date of this order. If it does not file a timely unconditional consent, this Court will preside over jury selection.

      SO ORDERED.

                                /s/ John A. Woodcock, Jr.
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2021