UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| HOLSUM DE PUERTO RICO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:18-cv-02004-JAW |
| | ) | |
| COMPASS INDUSTRIAL GROUP LLC; ILLINOIS TOOL WORKS, INC.; ITW FOOD EQUIPMENT GROUP LLC d/b/a PEERLESS FOOD EQUIPMENT; INSURANCE COMPANY ABC; INSURANCE COMPANY DEF; INSURANCE COMPANY XYZ, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

The Court grants a motion to reconsider its order awarding prejudgment interest, because the Court committed its own unforced error in applying the wrong statutory provision under Puerto Rico law and, when the correct provision is applied, the Court must vacate the prejudgment interest award and award no prejudgment interest.

**I.    BACKGROUND**

**A.    Trial and Verdict**

Following a two-week trial and motions by both parties for prejudgment interest, the Court awarded Compass Industrial Group, LLC (Compass) prejudgment interest under Article 1069 because its underlying breach of contract counterclaim

demanded a sum-certain. Holsum de Puerto Rico, Inc. (Holsum) moves for reconsideration of that award, arguing that the Court should have instead applied Article 1061. The Court agrees and vacates the award after finding that Compass was not entitled to prejudgment interest because the jury verdict compels the conclusion that Compass did not fulfill its obligation under the contract with Holsum.

From March 28 to April 8, 2022, this Court presided over a jury trial to resolve Holsum's breach of contract and negligence claims against Compass and ITW Food Equipment Group LLC d/b/a Peerless Food Equipment (Peerless), and Compass' breach of contract counterclaim against Holsum. *See Order* (ECF No. 241). After two weeks of trial, the jury found: (1) in favor of Holsum on Holsum's claim against Compass in the amount of $518,295.00; (2) in favor of Peerless on Holsum's claim against it; and (3) in favor of Compass against Holsum in the amount of $151,217.40 on Compass' counterclaim. *Jury Verdict Form* (ECF No. 260); *J.* (ECF No. 266) (*J.*).

B.    **Motions for Attorney's Fees and Prejudgment Interest**

On April 22, 2022, Holsum filed a motion for the award of attorney's fees and prejudgment interest against Compass. *Pet. for Award of Att'y's Fees and Prejudgment Interests* (ECF No. 274). On May 6, 2022, Compass filed its own motion for attorney's fees and prejudgment interest against Holsum. *Compass' Mot. for Att'y's Fees, Expenses and Pre-Judgment Interest* (ECF No. 290) (*Compass Prejudgment Interest Mot.*). On May 16, 2022, Compass responded in opposition to Holsum's motion. *Compass' Resp. to Holsum's Mot. for Att'y Fees, Costs, and Pre-*

*Judgment Interest* (ECF No. 297). Holsum did not respond to Compass' motion for attorney's fees and prejudgment interest.

### C. The Court's August 17, 2022 Order and Holsum's Motion for Reconsideration

On August 17, 2022, the Court issued an order denying all claims except for Compass' claim for prejudgment interest, which it granted at a rate of 6.25% per annum on Compass' damages award of $151,217.40. *Order on Compass' and Holsum's Mots. for Att'y's Fees and Prejudgment Interest* (ECF No. 318) (*Order on Prejudgment Interest*). On August 29, 2022, Holsum filed a motion asking for reconsideration of the prejudgment interest award. *Mot. for Reconsideration of Ct. Order Awarding Prejudgment Interest to Compass Industrial Group LLC* (ECF No. 319) (*Holsum's Mot.*). On September 8, 2022, Compass responded in opposition. *Opp'n to Mot. for Reconsideration* (ECF No. 321) (*Compass' Opp'n*).[1]

## II. THE POSITIONS OF THE PARTIES

### A. Holsum's Motion

Holsum's primary argument is that, while the Court applied Article 1069 of the Puerto Rico Civil Code, "[b]ecause this litigation commenced prior to the entry into full force and effect of the 2020 Civil Code, Article 1061 (not 1069) of the 1930 Puerto Rico Civil Code controls the award of prejudgment interest." *Holsum's Mot.* at 3 (citing 31 L.P.R.A. § 3025). Article 1061, it says, "must be read in tandem with Article 1053 of the 1930 Puerto Rico Civil Code . . . which explicitly suggests '*in mutual*

---

[1] On October 5, 2022, the Court denied Compass' post-trial motions for judgment as a matter of law, a new trial, or remitter. *See Order on Compass' Post-Trial Mots.* (ECF No. 324) (*Order on Post-Trial Mots.*).

3

*obligations none of the persons bound shall incur default if the other does not fulfil or does not submit to properly fulfil what is incumbent upon him.* From the time one of the persons obligated fulfils his obligation the default begins for the other party.'" *Id.* at 3-4 (citing 31 L.P.R.A. § 3017) (emphasis in *Holsum's Mot.*).

Thus, in cases like this one involving bilateral obligations, "Article 1053 establishes that a party such as Holsum cannot incur . . . default so long as the opposing party (in this case Compass) has failed to fulfil its part of the bargain." *Id.* at 4. Holsum points to the fact the jury awarded it more than three times the amount it awarded Compass as "the most eloquent reminder that Compass did not fulfil its obligations under its contract with Holsum for the design, manufacture, and installation of a fully functional tray loader machine," meaning that "Holsum could not be found in default . . . . for purposes of assigning prejudgment interest under Articles 1061 and 1053." *Id.* (emphasis omitted).

B.  **Compass' Opposition**

In its opposition, Compass does not dispute Holsum's contention that Article 1061 (applied in conjunction with Article 1053) is the appropriate statute, and tacitly acknowledges that the Court could award prejudgment interest for a Holsum default only if Compass fulfilled its own obligations under the contract. *Compass' Opp'n* at 4-5. Instead, it counters that "Holsum argues unconvincingly that Compass did not fulfil its obligations under the contract regarding the tray loader and that because of this Holsum cannot be found to be in default." *Id.* at 5. The jury found that "[Compass] breached its contract with Holsum *and/or that Compass acted negligently,*" and Compass argues that the Court should interpret the jury's answer to read that "Compass prevailed on its

contract claim, and Holsum prevailed upon its negligence claim." *Id.* at 5-6 (*emphasis in Compass' Opp'n*). In its view, Compass may have acted negligently but did not breach the contract, and thus because it fulfilled its half of the bargain Holsum could properly have been found in default and liable for prejudgment interest. *Id.* at 6. Finally, Compass also points out that Holsum failed to respond to its motion for prejudgment interest and because "[t]he Court had no argument before it advanced by Holsum as a basis upon which to deny the prejudgment interest component . . . a motion for reconsideration should be denied on its face." *Id.* at 2.

### III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 59(e), a movant may file a motion to alter or amend a judgment no later than twenty-eight days after the entry of judgment. FED. R. CIV. P. 59(e). "Such motions are sometimes referred to in shorthand as 'motions for reconsideration.'" *United States v. Poulin*, No. 1:08-cr-00050-JAW; No. 1:12-cv-00114-JAW, 2014 WL 1642269, at *2 (D. Me. Apr. 24, 2014).

"[I]t is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate 'old arguments previously considered and rejected.'"

5

*Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (internal citations omitted). A district court has discretion whether to grant or deny a motion for reconsideration. *Id.* at 930 (applying "the deferential abuse of discretion standard" to an appeal of a Rule 59(e) motion for reconsideration).

## IV. DISCUSSION

### A. Waiver

In its response, Compass pointed out that Holsum failed to file an opposition to Compass' motion for prejudgment interest and Compass, therefore, urged the Court to hold that Holsum waived its right to demand reconsideration of an order it never objected to. *Compass' Opp'n* at 2-3. Compass' position is understandable, especially since Holsum did not address its failure to object in its motion for reconsideration. *Holsum Mot.* at 1-6. Nevertheless, in this unique situation, the Court will not hold Holsum to a waiver.

The Court's reasoning is two-fold. First and more importantly, both Holsum and Compass agree that the Court erred in applying Article 1069 of the Puerto Rico Civil Code to the motion for prejudgment interest. *Holsum Mot.* at 3 ("Because this litigation commenced prior to the entry into full force and effect of the 2020 Civil Code, Article 1061 (<u>not</u> 1069) of the 1930 Puerto Rico Civil Code controls the award of prejudgment interest"); *Compass Opp'n* at 4 ("It is well established under Puerto Rico law that article 1061 of the Civil Code provides for the award of prejudgment interest"). As it is clear the Court applied the wrong law, the Court will apply the right one.

Second, in its motion for prejudgment interest, Compass cited the correct statute, article 1169 (formerly 1061). *Compass Prejudgment Interest Mot.* at 2 ("Article 1169

6

(formerly 1061) of the Puerto Rico Civil Code specifically provides that the indemnity for losses and damages due to a debtor's default to comply with his or her obligation to pay an amount of money shall consist in the payment of legal interest"). If Holsum had answered, it would likely have reinforced the correct statutory provision applicable to the resolution of the motion, but it would have had no reason to correct the Court's unforeseen mistake in analyzing the motion under Article 1069. As this was solely the Court's mistake, if Holsum had responded, it would not have corrected Compass' correct citation.

Finally, the Court considers Holsum's failure to respond in the spirit of Federal Rule of Civil Procedure 1's guidance that the federal rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Under the applicable statute, Article 1061, Holsum should not be liable for prejudgment interest, and, therefore, the Court will not compound its own error by refusing to fix it. *See Ruiz Rivera v. Pfizer Pharms.*, LLC, 521 F.3d 76, 81 (1st Cir. 2008) (""[t]he district court has substantial discretion and broad authority to grant or deny [a motion for reconsideration]").

    **B.    Prejudgment Interest**

Article 1061 provides that "[s]hould the obligation consist of the payment of a sum of money, *and the debtor should be in default*, the indemnity for damages, if not otherwise stipulated, shall consist of the payment of the interest agreed upon, and should there be no agreement, the payment of the legal interest." 31 L.P.R.A. § 3025 (emphasis added). Additionally, Article 1053 states that "[i]n mutual obligations

7

[cases] none of the persons bound shall incur default if the other does not fulfill or does not submit to properly fulfill what is incumbent upon him." 31 L.P.R.A. § 3017.

In *Puerto Rico Highway & Transportation Authority v. Redondo Construction Corporation* (*In re Redondo Construction Corp.*), 820 F.3d 460 (1st Cir. 2016), the First Circuit demonstrated how to apply these statutes in tandem. The *Redondo* Court reviewed a "bankruptcy court's award of prejudgment interest to [the defendant] on its contract claims under Article 1061 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3025." *Id.* at 462. In discussing the Article 1061 interest claim, the First Circuit noted that "Article 1053 provides that default for contracts of mutual obligation commences when 'one of the persons obligated fulfills his obligation the default begins for the other party.'" *Id.* at 467 (quoting 31 L.P.R.A. § 3017). Because that case—like this one—involved a contract of mutual obligations, the *Redondo* Court held that "[t]hus, Article 1053's general rule that a party is in default only upon the demand of the creditor does not apply. . .. Rather, Article 1053's terms for contracts of mutual obligations control and the Authority was in default from the time Redondo fulfilled its obligations—in other words, from the dates the construction projects were substantially completed." *Id.* (citation omitted). In sum, while the statutory regime is complex, the test is simple: if Compass did not fulfill or "substantially complete[]" its contractual obligations, Holsum could not have been in default and thereby would not be liable for prejudgment interest.

On that point, the parties present differing interpretations of the jury's verdict. Holsum views the jury awarding it more than three times the amount it awarded

8

Compass as proof that Compass did not fulfill its contractual obligations. By contrast, Compass argues that while the jury found it liable for breach of contract and/or negligence, the most consistent reading of the verdict is that the jury determined that Holsum breached the contract and Compass acted negligently (but did not breach). Compass, however, advanced this same argument in its motion for a new trial. *See Mot for New Trial Under F.R.C.P. 59 (a)(1)(A) or in the Alternative Requesting Remittitur* at 3 (ECF No. 288) ("Here, the jury's award to Holsum sounds in tort, not in contract . . .. The jury, having found that Holsum breached its contract with Compass, could not have then decided that Compass had an extra-legal contractual duty to perform anyway . . .. For this reason, Holsum's award necessarily arises from its negligence claim") (emphasis omitted)).

The Court rejected Compass' position in its October 5, 2022, Order:

> [Compass argues] namely that because the jury awarded breach of contract damages to Compass on its counterclaim, the only logical explanation of the verdict in favor of Holsum is that it was based in negligence, not contract. Compass insists that the jury could not reasonably have found it negligent based on the evidence presented at trial . . . [but] the verdict here is not inconsistent and does not necessitate the conclusion that the jury could have only found Compass liable to Holsum in negligence rather than in contract. Under the Court's reading of the facts, and as the Court has already discussed: (1) both parties could recover for breach of contract under Puerto Rico law because the jury could have awarded damages to Compass solely for Holsum's failure to pay invoices which were not a part of the sales contract underlying the breach of contract theory; (2) inconsistency in the verdict is not an appropriate reason to grant a new trial, even assuming that the jury rendered a verdict in favor of Compass on Holsum's breach of the original sales contract; (3) Holsum presented sufficient evidence for a reasonable jury to conclude that Compass acted negligently in the execution of a duty to Holsum existing outside of the parties' initial contractual relationship; and (4) *the evidence at trial is sufficient to uphold a verdict that Compass breached its sales contract*

9

> *with Holsum because the tray loader and/or the multiplier, both of which were designed and manufactured by Compass, failed to properly load both Cameo and round cookies into trays without damaging the cookies or creating extra debris.*

*Order on Post-Trial Mots.* at 40-41 (emphasis added).

Again in this order, the Court rejects Compass' assertion that the only consistent interpretation of the jury's verdict is that it found Compass negligent but not in breach of contract. Although the jury's verdict is ambiguous as to its theory of Compass' liability, as the Court stated in its October 5, 2022, Order, there was significant trial evidence that Compass "breached its sales contract with Holsum." *Id.* As both parties failed to fulfill their obligations under the contract, the Court will not find that either was in default as defined by Article 1053, and because the Court finds Holsum was not in default, Holsum is not liable for prejudgment interest under Article 1061. In short, because the Court applied the incorrect statute and Holsum would have prevailed under the proper statute, the Court vacates the prejudgment award and grants Holsum's motion

## V.   CONCLUSION

The Court GRANTS Holsum's Motion for Reconsideration of Court Order Awarding Prejudgment Interest to Compass Industrial Group LLC (ECF No. 319), VACATES in part its Order on Compass' and Holsum's Motions for Attorney's Fees and Prejudgment Interest (ECF No. 318) as relating to the award of prejudgment interest to Compass, and DENIES in full Compass' Motion for Attorney's Fees, Expenses and Pre-Judgment Interest (ECF No. 290).

SO ORDERED.

                                       /s/ John A. Woodcock, Jr.
                                       JOHN A. WOODCOCK, JR.
                                       UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2022